McFarland, J.,
delivered the opinion of the court:
Brinkley proposed to convert a block of buildings owned by him in Memphis into a hotel. The plaintiffs were oc *706 cupying one of the rooms in the block at tbe time, but in view of tbe proposed change, it being necessary to> vacate their room for this purpose, agreed to take from Brinkley another room in the same block, near by, at a reduced rent.
Brinkley entered into a written contract with one Conrad to make the proposed change in the building.
In the progress of the work it became necessary to' take down a rear wall of the. building, which left, the store of the plaintiffs exposed, and while in this condition one or more storms of wind and rain came and damaged the plaintiffs’ goods. It did not appear that the wall was left down an unnecessary length of time, but the injury might have been prevented by the erection of some temporary protection against the storm. The; parties in charge of the work were under Conrad. This action was brought to recover of Brinkley the damage resulting, the declaration charging that in mailing the changes the plaintiffs’ goods were negligently exposed.
As the plaintiffs agreed to take the room last occupied by them, with full knowledge of the proposed change, and with a view thereto, they could not complain that the change was of itself an infringement of their rights. The case turned alone upon the question whether Conrad 'was the agent or servant of Brinkley, so that under the principle of respondeat superior, Brinkley would be responsible for the negligence of the workmen causing the injury.
The judge charged the jury, upon a construction of the written contract of Brinkley and Conrad, that the latter was not Brinkley’s agent or servant, and that Brinkley was not responsible for the negligence of Conrad or his agents, and upon this charge the verdict and judgment were for the defendant.
The distinction seems well recognized between an agent or servant and one who occupies the attitude of a contractor, who agrees to perform certain work for another, who is to receive the work when done, hut who. retains no right *707 1o control the details of its execution further than to' see that it is completed according to the contract. Such, for insance, as the contractor who agrees to grade and prepare for ihe iron a section of a railroad, subject to the directions of an engineer of the road. In such cases the contractor and his agents and servants only are liable for injuries resulting from the careless manner of performing the work. See on this subject Sher. & Ned. on Negligence, sec. 79 and notes.
Wo agree with the circuit judge that this case falls within this class. Conrad was to complete the entire job, according to plans and specifications which were given in detail, under the superintendence of the architect, which we understand to mean that the architect was to see that the material and work were to be in accordance with plans and specifications, but neither Brinkley nor the architect had any control of the workmen, or the right to employ or discharge them, and was not responsible for their negligence.
The contract provided that the work was to be executed under the supervision and direction of Jones, the architect, and that he should have sole charge of the work, and that his decision upon all questions upon design, plan, workmanship, safety, and well being of the building during the work, and to so execute the work as not to interfere with the. rights and privileges of parties occupying the, stores, and hold Brinkley harmless from all damages.
Of course the case -would be different if the proposed change was itself dangerous to the plaintiffs and against their rights; but as the proof agrees that they rented with full knowledge of the proposed change and ‘agreed thereto, they could not complain of this, and could recover only for injuries resulting from the negligent manner of executing the work, and for this, in onr view, they could look only to the parties liable for the negligence.
It is argued that the charge should have submitted to *708 tbe jury tbe question whether tbe plan was itself bad and dangerous, but we haye not tbe evidence that be was ashed to do so;, nor do we think tbe facts raised tbe question. We do not see anything in tbe record upon which such a question could have been determined.
We think there is no error, and tbe judgment is affirmed.